**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

Fredy Luna Martinez, Jaime Lopez Cruz
and Miguel Elescano,

Individually, and on behalf of all others similarly
situated as Class Representatives,

        Plaintiffs,

v.

K&P Facilities Maintenance Inc. and Carlos
Espinoza,

        Defendants.

_____

Case No.: 21-cv-9987

CLASS AND COLLECTIVE
ACTION

JURY TRIAL REQUESTED

## COMPLAINT

## I.    PRELIMINARY STATEMENT

1.    This is a collective and class action brought on behalf of more than 100 low-wage workers who worked for Defendants cleaning hospitals, government buildings, and resorts throughout the Hudson Valley and beyond.  Despite working long hours throughout the height of the pandemic and after, these workers were rarely, if ever, paid overtime.  Instead, after working as many as 112 hours per week, workers were underpaid as much as $800 per week.

2.    Plaintiffs Fredy Luna Martinez, Jaime Lopez Cruz, and Miguel Elescano (collectively "Plaintiffs"), all former employees of Defendants K&P Facilities Maintenance Inc. and Carlos Espinoza ("Defendants"), bring this action on behalf of themselves and as a Collective and Class Action on behalf of the estimated more than 100 individuals who

currently work and/or previously worked as manual laborers for Defendants' large-scale cleaning business but were never paid a premium rate for overtime hours as required by law.

3.     Plaintiffs were employed as manual laborers by Defendants and worked at various sites including hospitals, resort casinos, and government buildings where they scrubbed floors, cleaned windows, gathered garbage and performed other cleaning and facilities maintenance tasks.

4.     Plaintiffs frequently worked more than forty (40) hours in a work week but were not paid a premium rate for overtime hours. Although the time from the start to the end of their work was often more than ten hours, Plaintiffs were not paid for "spread of hours" and were not provided with the wage notices and wage statements required by New York Labor Law (NYLL).

5.     The Plaintiffs, on behalf of themselves and all others similarly situated, and as class representatives, bring this action against Defendants for Defendants' failure to lawfully pay Plaintiffs' wages for their work and for Defendants' failure to comply with NYLL wage notice and wage statement requirements.  As to himself, Plaintiff Fredy Luna Martinez also seek relief for Defendants' illegal retaliation.

6.     Plaintiffs allege violations of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the overtime, spread of hours and hiring and wage notice provisions of New York Labor Law Article 19 §650, *et seq.* ("NYLL"). Plaintiffs seek their earned but unpaid wages, liquidated damages, liquidated and statutory damages pursuant to the NYLL, and reasonable attorneys' fees, costs, and interest, as well as declaratory relief.  Plaintiff Fredy Luna Martinez also seeks compensatory and punitive

damages pursuant to the FLSA and NYLL.

7.    Plaintiffs bring their FLSA overtime claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

8.    Plaintiffs bring their NYLL claims individually and on behalf of a class of persons pursuant to Rule 23(a), 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

9.    This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

10.    With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims derive from a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

12.    Defendants reside and/or do business within this district.

## III.    THE PARTIES

13.    Plaintiff Fredy Luna Martinez is an adult individual who was employed by Defendants between June 2020 and July 2021.  His written consent to be a party in this action is attached hereto as Exhibit A.

14.    Plaintiff Jaime Lopez Cruz is an adult individual who was employed by Defendants

between March 2021 and August 2021.  His written consent to be a party in this action is attached hereto as Exhibit B.

15.   Plaintiff Miguel Elescano is an adult individual who worked for Defendants between March 2020 and April 2021.  His written consent to be a party in this action is attached hereto as Exhibit C.

16.   The primary language of all three Plaintiffs is Spanish.

17.   At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that term is defined by

a.   the FLSA, 29 U.S.C. § 203(e) (1), and by

b.   the NYLL § 190.

18.   At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203 *et seq*.

19.   During the course of their employment, Plaintiffs handled, sold, or otherwise worked on items that were produced for movement in interstate commerce.

20.   Upon information and belief, Defendant K&P Facilities Maintenance Inc. is a Connecticut corporation doing business in the State of New York.

21.   K&P Facilities Maintenance Inc. maintains corporate headquarters at 230 Ferry Rd Old Saybrook, CT 06475.

22.   Upon information and belief, Defendant Carlos Espinoza is an owner of K&P Facilities Maintenance Inc. and is a resident of the State of New York, Dutchess County.

23.   At all times relevant to the Complaint, Defendant Carlos Espinoza, had the power to hire

4

and fire Defendants' employees, set Defendants' employees' wages and work schedules, determine the rate and method of payment of employees, retain time and/or wage records, and otherwise control the terms and conditions of employment of Defendants' employees including Plaintiffs.

24.   At all times relevant to the Complaint, Defendant K&P Facilities Maintenance Inc. was an employer of each of the Plaintiffs as that term is defined by

    a.   the FLSA, 29 U.S.C. § 203(d) and by

    b.   NYLL § 190.

25.   At all times relevant to the Complaint, Defendant Carlos Espinoza was an employer of each of the Plaintiffs as that term is defined by

    a.   the FLSA, 29 U.S.C. § 203(d) and by

    b.   NYLL § 190.

26.   Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five (5) calendar years and individually and collectively are an enterprise engaged in commerce.

27.   At all times relevant to the Complaint, Defendants functioned as a single integrated enterprise engaged in related activities for a common business purpose under common ownership and management.

28.   Defendants: (1) shared the services of the Plaintiffs, (2) shared direct or indirect control over Plaintiffs, (3) acted in the interest of one another, and (4) constitute joint employers of Plaintiffs as defined by federal and state law.

## IV.    STATEMENT OF FACTS

29.    Defendant K&P Facilities Maintenance Inc. is a large-scale commercial cleaning company holding lucrative contracts with major facilities in the New York metropolitan area as well as in neighboring states.

30.    Defendant Carlos Espinoza is an owner of Defendant K&P Facilities Maintenance Inc. and is in direct control of all aspects of its operation including hiring and firing of all employees, setting of work schedules, inspection of work, discipline of all employees and payment of wages.

31.    During his employment by Defendants, Plaintiff Fredy Luna Martinez worked at various of Defendants' job sites including Vassar Brothers Medical Center, Orange County Hospital, a hospital in Pennsylvania, medical offices in Goshen, NY and New Windsor, NY and Defendants' own warehouse in Wappinger Falls.

32.    Plaintiff Fredy Luna Martinez's work schedule varied by job site. He typically worked between five and seven days per week and his shifts were at least seven hours in duration, but more commonly he worked 10-12 hours per day.

33.    Throughout his employment, Plaintiff Fredy Luna Martinez was paid $15 per hour and was never paid a premium rate for overtime hours nor an additional hour of pay when he worked split shifts or more than 10 hours in a day.

34.    On or about July 2021, Plaintiff Fredy Luna Martinez did not receive his owed wages from Defendants.  When he complained to Defendant Carlos Espinoza, Plaintiff Fredy Luna Martinez received multiple threatening messages from Espinoza, including threats of physical violence and threats of reprisals through complaints to law enforcement.  Espinoza also posted publicly-viewable messages on social media featuring Plaintiff Fredy Luna Martinez's photograph and asking for information regarding Plaintiff Fredy Luna

Martinez's whereabouts.

35.    Plaintiff Jaime Lopez Cruz was employed by Defendants from approximately March 2021 to August 2021.

36.    Plaintiff Jaime Lopez Cruz worked at least two of Defendants' job sites including Orange County Hospital and a location in Pennsylvania.

37.    Plaintiff Jaime Lopez Cruz work schedule varied by job site.  He typically worked between six and seven days per week and his shifts were at least seven hours in duration, but some days he worked as many as 16 hours straight.

38.    Plaintiff Jaime Lopez Cruz was paid $15 per hour throughout his employment, and he was never paid a premium rate for overtime hours nor an additional hour of pay when he worked split shifts or more than 10 hours in a day.

39.     Plaintiff Miguel Elescano was employed by Defendants from approximately March 2020 to April 2021.

40.    Plaintiff Miguel Elescano worked at least two of Defendants' job sites including Vassar Brother Medical Center and Orange County Hospital.

41.    Plaintiff Miguel Elescano work schedule varied by job site.  He typically worked six days per week and his shifts were typically at least 14 hours in duration, but some days he worked as many as 17 hours per shift.

42.    Plaintiff Miguel Elescano was paid $17 per hour throughout his employment and was never paid a premium rate for overtime hours nor an additional hour of pay when he worked split shifts or more than 10 hours in a day.

43.    During the period of time when Plaintiffs were employed by Defendants, more than half of their worksites were located in Orange County, NY.

7

44.    Each of the above-named Plaintiffs routinely worked in excess of 40 hours per week and often worked more than ten (10) hours in a day.  Defendants failed to pay each Plaintiff a premium rate for his overtime hours and never paid him an extra hour of pay for working more than ten (10) hours in a day.

45.    Since 2015, Defendants have employed scores of workers, including Plaintiffs, in this manner, failing to pay workers overtime and spread of hours compensation as required by law.

46.    Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiffs premium pay for all hours worked in excess of forty (40) per week.

47.    At the time that Plaintiffs and other workers began working for Defendants, Defendants failed to furnish them with accurate written disclosures of their legally mandated wage rates as required by NYLL § 195(1).

48.    Defendants never thereafter furnished Plaintiffs or other workers with accurate written disclosures as required by NYLL § 195(1).

49.    Defendants failed to furnish Plaintiffs and other workers with accurate wage statements containing the information required by NYLL § 195(3).

50.    Upon information and belief, at all times during the period of Plaintiffs' employment by Defendants, at least 15 other individuals were simultaneously employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages and violations of Federal and State law as described in the preceding paragraphs.  The duration of employment for each individual varied. Plaintiffs estimate that in total at least 50 individuals were employed by Defendants in similar capacities at the same job sites and

subject to the same pay, hiring notice and wage statement policies during the past six years.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiffs bring their FLSA overtime wage claims, the First Cause of Action, as a

collective action under the collective action provision of the FLSA as set forth in 29

U.S.C. § 216(b) on behalf of themselves and those individuals who may opt into the

"FLSA Collective" defined as:

All current and former employees who have worked for one or more of Defendants as
manual laborers within the three years prior to the filing of this case, or such earlier date
as the Court may determine is equitable, and the date of final judgment in this matter.

52.    The current and former employees described above are situated similarly to Plaintiffs

within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action

herein may be brought and maintained as an "opt-in" collective action pursuant to Section

16(b) of FLSA.

53.    Common proof applicable to Plaintiffs and the other workers will show that Defendants

failed to pay wages as required by the FLSA to Plaintiffs and other workers.

54.    These causes of action are also maintainable as collective actions pursuant to FLSA, 29

U.S.C. §216(b), because the prosecution of separate actions by individual members of the

FLSA Collective would create a risk of inconsistent or varying adjudications with respect

to individual current and former employees which would establish incompatible standards

of conduct for Defendants.

55.    The names, last known addresses and cell phone numbers of the proposed FLSA Collective

members are available from Defendants. Defendants therefore should be required to

provide Plaintiffs with a list – including names, last known addresses, cell phone numbers,

and email addresses if known – of all current and former employees who would be members of the proposed FLSA Collective.

56.     Notice of and an opportunity to join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail to their last known address and by workplace posting, as well as by other practicable means including but not limited to text messaging, as soon as possible.

## VI.     FRCP RULE 23 CLASS ACTION ALLEGATIONS

57.     Plaintiffs bring their NYLL claims, the Second, Third, and Fourth Causes of Action, on behalf of themselves and all other similarly situated individuals (hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure.  The NYLL Class is defined as follows

   a.   All persons who worked for one or more of the Defendants as manual laborers during the Class Period, or such earlier date as the Court may determine is equitable.

58.     The persons in the NYLL Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than 100 members of the NYLL Class during the six years prior to the filing of this lawsuit.  There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members.  The claims of the Individual Plaintiffs are typical of the claims of the NYLL Class.  The Individual Plaintiffs will fairly and adequately protect the interests of the NYLL Class.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

59. Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

   a. Whether each of the Defendants is an employer under the FLSA and/or the NYLL;

   b. Whether Defendants unlawfully failed and continue to fail to pay required overtime compensation in violation of FLSA;

   c. Whether Defendants unlawfully failed and continue to fail to pay spread of hours and overtime compensation in violation of NYLL;

   d. Whether Defendants failed to provide legally required hiring notices and wage statement notices, in violation of NYLL.

60. Defendants undertook all of the actions and omissions alleged above either directly, or through their agents who were authorized to undertake such actions and omissions.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act Overtime Wage Violations
On Behalf of Plaintiffs and the FLSA Collective**

61. Plaintiffs and any FLSA Collective members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

62.     Defendants willfully failed to pay Plaintiffs and the FLSA Collective members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63.     Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### SECOND CAUSE OF ACTION

### New York Labor Law – Overtime Wage
### On Behalf of Plaintiffs and the NYLL Class

64.     Plaintiffs on behalf of themselves and the NYLL Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

65.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

66.     Due to Defendants' New York Labor Law violations, Plaintiffs and NYLL Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

### THIRD CAUSE OF ACTION

**New York Labor Law – Spread of Hours**
**On Behalf of Plaintiffs and the NYLL Class**

67.     Plaintiffs on behalf of themselves and the NYLL Class restate, re-allege and incorporate

by reference all of the previous allegations as if fully set forth herein.

68.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an extra hour of

pay for days on which their workday spanned more than ten (10) hours or on which they

worked split shifts within seven (7) calendar days after the end of the week in which the

wages were earned in violation of the NYLL and its regulations.

69.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from

Defendants, jointly and severally, their unpaid spread of hours compensation, liquidated

damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198,

663, and 681.

**FOURTH CAUSE OF ACTION**

**New York Labor Law – Wage Notice and Wage Statement**
**On Behalf of Plaintiffs and the NYLL Class**

70.     Plaintiffs on behalf of themselves and the NYLL Class, reallege and incorporate by

reference all allegations in all preceding paragraphs.

71.     Defendants failed to supply Plaintiffs with notices as required by N.Y. Lab. Law § 195, in

English or in the language identified by Plaintiffs as their primary language, containing

their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; the regular pay day designated by the employer in accordance with N.Y. Lab.

Law § 191; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

72.  Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

73.  Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper notice at the time of hiring from February 26, 2015 through the present, Plaintiffs are entitled to damages of $50 per day, up to a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

74.  Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $250 per day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### FIFTH CAUSE OF ACTION

**Fair Labor Standards Act - Retaliation
On Behalf of Plaintiff Fredy Luna Martinez**

75.   Plaintiff Fredy Luna Martinez re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

76.   Defendants threatened or otherwise discriminated against Plaintiff Fredy Luna Martinez because he sought payment of his earned but unpaid wages.

77.   Defendants' retaliatory conduct was in violation of 29 U.S.C. § 215(a)(3).

78.   Due to Defendants' illegal retaliation, Plaintiff Fredy Luna Martinez is entitled to recover from Defendants, jointly and severally, compensatory damages, liquidated damages, punitive damages, and reasonable attorneys' fees, and costs of the action, and such other legal or equitable relief as may be appropriate pursuant to 29 U.S.C. § 216(b).

### SIXTH CAUSE OF ACTION

### New York Labor Law – Retaliation

### On Behalf of Plaintiff Fredy Luna Martinez

79.   Plaintiff Fredy Luna Martinez re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

80.   Defendants threatened or otherwise discriminated against Plaintiff Fredy Luna Martinez because he sought payment of his earned but unpaid wages.

81.   Defendants' retaliatory conduct was in violation of NYLL § 215.

82.   Due to Defendants' illegal retaliation, Plaintiff Fredy Luna Martinez is entitled to recover from Defendants, jointly and severally, compensatory damages, liquidated damages, punitive damages, and reasonable attorneys' fees, and costs of the action, and such other legal or equitable relief as may be appropriate pursuant to NYLL § 215(2)(a).

83.   Pursuant to NYLL § 215(2)(b), upon commencement of this action, Plaintiff Fredy Luna Martinez, though his attorneys, will serve notice of this action on the New York State

Attorney General.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

84.    Assume jurisdiction over the parties and this action;

85.    Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1) and (3);

86.    Designate this action as a collective action on behalf of the proposed Collective Class pursuant to FLSA § 216(b), order Defendants to provide information regarding Collective Class members to Plaintiffs, and order prompt issuance of notice to all similarly situated members of the Collective Classes apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the Collective Class has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

87.    Designate Plaintiffs Fredy Luna Martinez, Jaime Lopez Cruz and Miguel Elescano as representatives of the Rule 23 Class Plaintiffs;

88.    Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA;

89.    Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under NYLL;

90.    Declare that Defendants' violations of the FLSA and NYLL were willful;

91.    Order Defendants to pay to Plaintiffs and Class Members all wages owed, consistent with

the FLSA;

92.   Order Defendants to pay to Plaintiffs and Class Members all wages owed, consistent with NYLL;

93.   Award Plaintiffs and Class Members liquidated damages for all wages withheld or delayed in violation of FLSA;

94.   Award Plaintiffs and Class Members additional liquidated damages for all wages withheld, deducted or delayed in violation of NYLL;

95.   Award Plaintiffs and Class Members statutory damages for Defendants' violations of the hiring and wage notice provisions of NYLL;

96.   Order Defendants to reinstate Plaintiffs to their employment;

97.   Award Plaintiff Fredy Luna Martinez compensatory damages, liquidated damages, punitive damages, and reasonable attorneys' fees, and costs of the action, and such other legal or equitable relief as may be appropriate pursuant to 29 U.S.C. § 216(b) for Defendants' illegal retaliation in violation of the FLSA;

98.   Award the named Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

99.   Award Plaintiffs reasonable attorneys' fees, costs and interest; and

100.  Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

Dated: Hawthorne, New York
       November 24, 2021

RESPECTFULLY SUBMITTED,


 /s/ Robert McCreanor

Robert McCreanor
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Road
Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com


Patricia Kakalec
Kakalec Law PLLC
195 Montague Street, 14th Floor
Brooklyn, NY 11201
(212) 705-8730
patricia@kakaleclaw.com


**ATTORNEYS FOR THE PLAINTIFFS**