UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fredy Luna Martinez, *et al.*,<br><br>   *Plaintiffs,*<br><br>  v.<br><br>K&P Facilities Maintenance Inc., *et al.*,<br><br>   *Defendants.* | Civ. No.  21-CV-9987 (PMH) |

**[PROPOSED] ORDER GRANTING JOINT MOTION TO APPROVE FLSA SETTLEMENT PURSUANT TO *CHEEKS v. FREEPORT PANCAKE HOUSE***

On May 24, 2022, Plaintiffs Fredy Luna Martinez, Jaime Lopez Cruz, Miguel Elescano, Luz Elescano, Cristian Torres, Rosa Villagary, Jacinto Animas, and Mario Alvarez (hereafter the "Represented Plaintiffs") moved, on behalf of both the Represented Plaintiffs and Defendants K&P Facilities Maintenance Inc. and Carlos Espinoza (collectively with the Represented Plaintiffs, the "Represented Parties"), for approval of their settlement as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). (*See* Joint Motion to Approve FLSA Settlement Pursuant to *Cheeks v. Freeport Pancake House*, ECF No. 34.)

Having carefully reviewed the joint letter and the proposed settlement agreement, the Court finds, having considered the factors outlined in *Cheeks* and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), that the proposed settlement agreement "is a fair and reasonable resolution of the dispute." *Kopera v. Home Depot U.S.A., Inc.,* No. 09-CV-8337, 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011).

In reaching the agreement, the Represented Parties have considered the "inherent litigation risks in this case." (ECF No. 34 at 6.) The settlement amount reflects "a fair compromise of all claims[,]" and was the product of settlement discussions that were "arm's length, involved no fraud or collusion, and involved counsel experienced in wage and hour matters on both sides." (*Id.* at 5, 7.) And the Represented Plaintiffs' counsel's fee award as set forth in the proposed settlement agreement, which constitutes approximately one-third of the total settlement amount (minus costs), is reasonable. *See Wolinsky*, 900 F. Supp. 3d at 336 ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award."); *see also Feliz v. Parkoff Operating Corp.,* No. 17-CV-7627, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Alt v. Soc. Impact 360, Inc.,* No. 20-CV-4478, 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020) ("Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases.").

Accordingly, it is hereby ORDERED that the Represented Parties' joint motion for approval of the settlement is GRANTED.

The Court shall separately so order the Represented Parties' Stipulation of Dismissal with Prejudice.

Dated: White Plains, NY
       May _____, 2022

                                                         The Hon. Philip M. Halpern
                                                         United States District Judge