**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP

**Matthew Cohen, Esq.**
MCohen@kdvlaw.com

**Libbi L. Vilher, Esq.**
LVilher@kdvlaw.com

> Plaintiff Ampudia is directed to file a response to Defendants' allegations herein by sending a letter to the Court's Pro Se Intake Unit by December 30, 2022.
>
> Defendants shall serve a copy of this Order on Plaintiff and file proof of service on the docket.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         December 16, 2022

**VIA ECF**
Honorable Philip M. Halpern
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

RE:     *Filomena Ampudia v. K&P Facilities Maintenance, Inc., et. al.*
        **Case No.: 21-cv-09987 (PMH)**

Honorable Judge Halpern:

This office represents K&P Facilities Maintenance, Inc. ("K&P") and Carlos Espinoza (together "Defendants") in the above-referenced matter. We write to respectfully request an Order dismissing Filomena Ampudia's action in its entirety pursuant to Federal Rule of Civil Procedure 37(d)(3), or in the alternative, an Order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a)(3)(A) and extending the deadline to complete depositions and fact discovery.

Ms. Ampudia consented to join the lawsuit as an opt-in plaintiff on November 29, 2021. On January 28, 2022, the Court granted a motion by Ms. Ampudia's counsel to withdraw as her attorney. Subsequently, on June 2, 2022, Your Honor approved a settlement that applied to all plaintiffs other than Ms. Ampudia.  As such, Ms. Ampudia is now the only plaintiff remaining in this action.

On July 12, 2022, an Initial Pretrial Telephone Conference was held before Your Honor at which Ms. Ampudia appeared on her own behalf with an interpreter.  During this Conference, a discovery schedule was set pursuant to which the deadlines to complete Fact Discovery and Non-Expert Depositions was set for November 11, 2022. During this Conference, Your Honor also recommended that Plaintiff obtain counsel.

Despite waiting several months, we were not contacted by any attorney on the behalf of Ms. Ampudia.  Instead, on October 10, 2022, we served Ms. Ampudia directly with Defendants' First Set of Interrogatories for Filomena Ampudia, Defendants' First Request for the Production of Documents to Filomena Ampudia, and a Notice of Deposition.  Because Ms. Ampudia does not speak English, we provided Ms. Ampudia with a thorough letter in Spanish, addressing our discovery requests and the Notice of Deposition.  This letter clearly stated that the discovery responses were due on or before November 9, 2022 and confirmed that the deposition was

scheduled to take place on November 10, 2022 at our office located at 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797.

Since such discovery was served, we have had five phone calls with Ms. Ampudia and provided a Spanish interpreter during each call so that Ms. Ampudia could communicate comfortably. After an initial conversation on October 12, 2022, we followed up with Ms. Ampudia on November 9, 2022. During this call, Ms. Ampudia confirmed that she did not yet retain an attorney but indicated that she would be looking into it, indicated that she was unable to respond to the discovery requests until she retained an attorney, and requested an adjournment of her deposition. As such, to provide her with time to obtain an attorney, we agreed to extend Ms. Ampudia's time to respond to the discovery requests and appear for her deposition. We also offered to write to the Court requesting an adjournment of the November 11th deadlines, which Ms. Ampudia agreed to. In addition, we scheduled a subsequent call with Ms. Ampudia for November 22, 2022, to confirm whether she had retained an attorney with the hope of progressing in discovery at that time.

On November 10, 2022, the next day after our call with Ms. Ampudia, we wrote to Your Honor providing an update regarding communications with Ms. Ampudia and requesting an extension of the deadlines to complete fact discovery and depositions until December 15, 2022. Your Honor granted this request pursuant to an Order dated November 14, 2022.

As scheduled, we had another call with Ms. Ampudia on November 22, 2022. During this call, Ms. Ampudia once again confirmed that she had not yet retained an attorney. We reminded Ms. Ampudia of the upcoming Court deadlines and warned that we may oppose any further request for an extension and instead file a letter to the Court requesting that this matter be dismissed. In response, Ms. Ampudia indicated that we would be receiving her discovery responses by the upcoming December 15th deadline.

With the December 15th deadline approaching, and still not being contacted by an attorney on behalf of Ms. Ampudia or receiving Ms. Ampudia's outstanding discovery responses, we called Ms. Ampudia on December 13, 2022 to follow up. During this call, Ms. Ampudia confirmed that she still had not retained an attorney and requested that we provide her with the Court's phone number because she was having trouble reaching the Court. We complied and gave her the phone number to Your Honor's Chambers. In addition, we also voluntarily provided Ms. Ampudia with the phone number for the Court's *pro se* Intake Unit in case she wished to contact them as well. We also notified Ms. Ampudia that if we did not hear from an attorney on her behalf by December 14, 2022, we would be writing to the Court to pursue a dismissal.

After not hearing back and still not receiving Ms. Ampudia's outstanding discovery responses, we called Ms. Ampudia again on the afternoon of December 14, 2022. During this call, Ms. Ampudia confirmed that she still did not retain an attorney. In response, in light of Ms. Ampudia's continued failure to participate in discovery, we confirmed that we would be writing to the Court seeking dismissal.

To date, we have still not received Ms. Ampudia's outstanding discovery responses, Ms. Ampudia has not appeared for a deposition, and Ms. Ampudia has not retained counsel as she previously indicated was necessary for her to participate in discovery. It has been almost a year since Ms. Ampudia's prior counsel withdrew their representation. Despite ample time and courtesies extended by Defendants for Ms. Ampudia to obtain new counsel and participate in discovery, Ms. Ampudia has not done so.

Ms. Ampudia's lack of compliance with discovery is prejudicing Defendants and causing Defendants to sustain an unnecessary financial burden. Ms. Ampudia's lack of compliance is similarly clogging the Court's docket. Indeed, it has been approximately six and a half months since all other plaintiffs were terminated from this action, but Ms. Ampudia's case continues to linger on as no progress in the litigation is made.

In sum, we have, in good faith, repeatedly conferred with Ms. Ampudia and extended numerous courtesies to her so that she can comply with discovery. On multiple occasions following the prior extension of the fact discovery and deposition deadlines, we advised Ms. Ampudia that we will move for dismissal should she fail to comply. Nevertheless, Ms. Ampudia has failed to participate in discovery. As such, we respectfully request that this matter be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 37(d)(2), or in the alternative, that the Court issue an Order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a)(3)(A) and extending the deadline to complete depositions and fact discovery. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (pro se litigants are not immune to dismissal for failure to comply with discovery pursuant to Federal Rule of Civil Procedure 37).

Thank you in advance for your attention to this matter.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Matthew Cohen, Esq.
Libbi L. Vilher, Esq.

cc: VIA EMAIL AND FIRST-CLASS MAIL
Filomena Ampudia
310 First Street, Apt 2
Newburgh, New York 12550
Raquel.Mateo.Ampudia@gmail.com