UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FILOMENA RAQUEL MATEO AMPUDIA,

          Plaintiff,

v.

K&P FACILITIES MANAGEMENT, INC., et al.,

          Defendants.
-----------------------------------------------------------x

**ORDER OF DISMISSAL**

21-CV-09987 (PMH)

      This case was filed on November 24, 2021 against K&P Facilities Management, Inc. and Carlos Espinoza ("Defendants") as a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*. (Doc. 1). Filomena Raquel Mateo Ampudia ("Plaintiff") opted in as a Plaintiff on November 29, 2021. (Doc. 10). Defendants, however, settled the case with the eight other plaintiffs in the case—besides for Plaintiff—on April 19, 2022. (Doc. 26). The Court approved the settlement between Defendants and the eight former plaintiffs pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) on June 2, 2022. (Doc. 40). The Court, however, directed that the case continue with respect to Plaintiff, who was not part of the settlement, and Defendants. (*Id.*). Plaintiff appeared *pro se* for an initial conference with the Court on July 12, 2022 and the case proceeded into discovery. (July 12, 2022 Min. Entry).

      Defendants, after twice requesting and receiving extensions of discovery deadlines, wrote to the Court on December 15, 2022, advising that Plaintiff had failed to respond to any of their discovery requests, had not retained counsel or sought help from the Court's Pro Se Intake Unit, and refused to appear for a deposition. (Doc. 60). Defendants, accordingly, sought dismissal of the case pursuant to Federal Rule of Civil Procedure 37(d)(2). (*Id.*). Rule 37(d), by reference to Rule 37(b)(2)(A)(i), permits the Court to impose sanctions including dismissal of the action for a litigant's failure to appear for a deposition or failure to respond to written discovery requests. Fed.

R. Civ. P. 37(d). Moreover, "[p]*ro se* litigants, though generally entitled to 'special solicitude' before district courts . . . are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).

The Court directed Plaintiff to respond to Defendants' letter by December 30, 2022 and directed Defendants to serve a copy of the Order on Plaintiff and file proof of service. (Doc. 61). Plaintiff failed to respond to the Court's Order and, on January 13, 2023, Defendants again sought dismissal of the case. (Doc. 63). The Court again directed Plaintiff to "respond to [Defendant's] letter as well as to the Court's Order at Doc. 60 by January 30, 2023" and again directed Defendants to effect service of the Order. (Doc. 64). The Court also warned that "[f]ailure to do so will result in dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 37(d)(3)." (*Id.*). Plaintiff failed to respond and Defendants wrote for a third time seeking dismissal on February 8, 2023. (Doc. 66). Plaintiff was given an opportunity to respond to Defendant's final letter and declined to do so.

In light of Plaintiff's failure to comply with discovery demands and to appear for her deposition, in addition to her continued silence and disregard of Court Orders, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 37(d)(3).

The Clerk of Court is instructed to: (i) mail a copy of this Order to Plaintiff; (ii) terminate the motion sequence pending at Doc. 60; and (iii) close this case.

**SO ORDERED:**

Dated: White Plains, New York
February 15, 2023

_____
Philip M. Halpern
United States District Judge